## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TRAYDON LADORIAN SLEDGE, SR.,    )
                                 )
      Plaintiff,               )
                                 )
v.                               )        Case No. CIV-23-918-SLP
                                 )
JIM PEEK, et al.,                )
                                 )
      Defendants.              )

## <u>O R D E R</u>

Before the Court is the Report and Recommendation [Doc. No. 12] (R.&R.), issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. §1983 alleging violations of his federal constitutional rights. Judge Mitchell recommends dismissal pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to follow the Court's orders and, specifically, his failure to timely pay the statutorily required initial partial filing fee.

Plaintiff has filed an Objection to the R.&R. [Doc. No. 16]. Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth in the R.&R. and as the record reflects, Judge Mitchell ordered Plaintiff to pay an initial partial filing fee of $10.08 by December 27, 2023. *See* Order [Doc. No. 12]. The Order expressly advised Plaintiff that unless by that date Plaintiff either paid the

initial filing fee or showed cause in writing for the failure to pay, this action would be subject to dismissal without prejudice to refiling.  *Id.* at 1.  The Order further advised Plaintiff that no fees or costs would be imposed or collected under those circumstances. *Id.*

Plaintiff failed to take any action by the December 27, 2023 deadline.  Accordingly, Judge Mitchell recommended dismissal without prejudice pursuant to Rule 41(b).

Thereafter, Plaintiff did timely object to the R.&R.  The Objection, in its entirety, states the following:

> I thought I had my first payment to be paid my kids mom was post [sic] to pay and I guess she didn't[.]  I don't have anyone else out in the world to help me[.]  I don't know what else to do to start the payment[.]

*See* Pl.'s Obj.[1]  Plaintiff does not make any objection to the specific findings of Judge Mitchell.  Nor does Plaintiff dispute that he failed to timely make payment of the required initial filing fee.   Moreover, Plaintiff does not state that he intends to pay the filing fee or request an extension of time within which to do so.  As to Plaintiff's ability to pay, his statement is rather vague.  He does not expressly state he lacked sufficient funds previously, or that at the time he filed his Objection he lacked such funds.  Instead, he merely references the fact that he thought somebody else was going to provide the funds for him.  Finally, Plaintiff does not state that his failure to pay is the result of any

---

[1] Allowing objections to a magistrate judge's report and recommendation constitutes a "reasonable step" taken by a district court to ascertain whether a prisoner has complied with an order to make partial payments toward a filing fee.  *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003) (citation omitted).

miscommunication with officials at the custodial institution or other circumstances beyond his control.

Judge Mitchell's determination that Plaintiff had adequate resources to pay the initial filing fee was correct.  To this end, Judge Mitchell properly considered the average monthly balance of Plaintiff's trust account, for the prior six months.  *See* 28 U.S.C. § 1915(b)(1) and (2).  Although Plaintiff has been authorized to proceed without payment of fees under 28 U.S.C. § 1915(a)(1), he must make the partial payments required by § 1915(b).  *See, e.g., Love v. Werholtz*, 113 F. App'x 362, 363 (10th Cir. 2004) ("A prisoner seeking to proceed IFP, while not obligated to pay the full amount of a filing fee at the time of a filing, is nonetheless required to pay a portion of that fee upon filing." (citing 28 U.S.C. § 1915(b)(1)).

Accordingly, the Court concurs with Judge Mitchell's determination that dismissal without prejudice pursuant to Rule 41(b) is proper.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders"); *see also House v. Utah*, 129 F. App'x 432, 434 (10th Cir. 2005) (affirming dismissal for failure to pay initial filing fee where plaintiff did not contend that he was unable to make the payment, that the payment was miscalculated under § 1915(b)(1) or that dismissal without prejudice was an inappropriate remedy).[2]

---

[2] Because the dismissal is without prejudice, the Court need not consider the factors identified by the Tenth Circuit in  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  The Court acknowledges that a dismissal without prejudice may have the effect of a dismissal with prejudice

Plaintiff is not left without options.  Because the dismissal is without prejudice, he can refile this action and again move to proceed in forma pauperis.  *See House*, 129 F. App'x at 434 ("Plaintiff may yet obtain a merits decision: he need only stand ready to make the necessary payments the next time he goes to district court.").[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and this action is DISMISSED WITHOUT PREJUDICE.  A separate Judgment of Dismissal will be entered.

IT IS SO ORDERED this 22nd day of February, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

if the statute of limitations has expired.  *Id*.  Here, however, Plaintiff alleges the conduct which forms the basis of his § 1983 action occurred in or after May 2023 in Oklahoma.  *See* Compl. [Doc. No. 6] at 5.  Therefore, the two-year limitations period governing his claim has not expired.  *See, e.g., Lawson v. Okmulgee Cty. Criminal Justice Auth*., 726 F. App'x 685, 690 (10th Cir. 2018) (for civil rights actions brought under § 1983, the applicable limitations period is borrowed from the state where the action arose; under Oklahoma law, a two-year statute of limitations applies).

[3] Indeed, if Plaintiff is truly without any assets whatsoever, that does not operate as a per se bar to him seeking relief in federal court.  *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").